UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICARDO RAMIREZ MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>ICE FIELD OFFICE DIRECTOR and BRUCE SCOTT, Warden of Northwest Immigration Processing Center,<br><br>Respondents. | CASE NO. 2:26-cv-01580-JNW<br><br>ORDER GRANTING AMENDED PETITION FOR HABEAS CORPUS |

This matter comes before the Court on pro se Petitioner Ricardo Ramirez Martinez's amended petition for a writ of habeas corpus. Dkt. No. 1. Ramirez Martinez challenges his bond denial and continued detention in immigration custody, arguing that the Immigration Judge's ("IJ") bond denial was constitutionally deficient. The Court GRANTS the petition for the reasons below.[1]

---

[1] The Court notes that Ramirez Martinez's original petition named only the ICE Field Office Director, who is not his immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). But this defect has been cured. On May 28, 2026, Ramirez Martinez filed an "Amended Petition" naming Bruce Scott, the

ORDER GRANTING AMENDED PETITION FOR HABEAS CORPUS - 1

## 1.  BACKGROUND

Ramirez Martinez is a 45-year-old citizen of Mexico, who entered the country around July 2003. Dkt. Nos. 7-3 at 4; 10 ¶ 2. For the last 22 years, Ramirez Martinez has lived in the United States without interruption and has no criminal history. Dkt. Nos. 9 at 2; 10 ¶ 3. As a married father of two U.S. citizen children, including a 10-year-old son, Ramirez Martinez has strong family ties to this country and his residence in Cathedral City, California. Dkt. Nos. 9 at 3; 10 ¶ 4; 10 at 14. Additionally, Ramirez Martinez was diagnosed with a "severe and visibly protruding umbilical hernia that causes him extreme and constant pain[.]" Dkt. Nos. 9 at 4; 10 ¶ 8.

On December 22, 2025, an Immigration and Customs Enforcement (ICE) Field Operations Team raided a residence in Cathedral City, California to execute an arrest warrant looking for a specific non-citizen individual, who was not Ramirez Martinez. Dkt. No. 6 ¶ 4. During the operation, ICE officers "observed" Ramirez Martinez, "a male matching the physical description of the sought [non-citizen]." *Id.* Officers questioned Ramirez Martinez about his immigration status and arrested him once determining he did not have status in the United States. *Id.* Ramirez Martinez has remained in Department of Homeland Security (DHS) custody since

---

Warden of NWIPC. Dkt. No. 8 at 1. Because Ramirez Martinez proceeds pro se, the Court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). So construed, the Court finds that his amended petition names the proper respondent, the Warden of NWIPC, and incorporates his original habeas petition at Dkt. No. 1.

ORDER GRANTING AMENDED PETITION FOR HABEAS CORPUS - 2

his arrest and was transferred to the Northwest ICE Processing Center on January 26, 2026. Dkt. No. 1 at 1.

On January 1, 2026, the Department of Homeland Security (DHS) served Ramirez Martinez with a Notice to Appear (NTA), charging him under 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled." Dkt. No. 7-2 at 2.

On March 23, 2026, an IJ held a bond hearing at Ramirez Martinez's request. Dkt. No. 7-3 at 3. The IJ ruled that Ramirez Martinez is subject to mandatory detention, and thus the court "lacked jurisdiction." *Id.* Alternatively, the IJ ruled that "[b]ased on the record the court does not find [Ramirez Martinez] is a flight risk. However, given the lack of available relief the court finds he is a flight risk. The court finds [Ramirez Martinez] failed to establish he is not a flight risk." *Id.* As a result, the IJ denied bond.

Ramirez Martinez applied for Cancellation of Removal as a Nonpermanent Resident, but the IJ denied his application on April 27, 2026. Dkt. No. 7-4 at 3. The IJ also granted "post-conclusion voluntary departure under INA [§] 240B(b)." *Id.* Ramirez Martinez appealed the denial of his Cancellation of Removal application and bond to the Board of Immigration Appeals. Dkt. No. 10 ¶ 11.

## 2.   DISCUSSION

### 2.1   Ramirez Martinez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

Respondents argue Ramirez Martinez's detention is mandatory under 8 U.S.C. § 1225(b)(2) and does not violate due process according to the standard set

forth in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1104 (W.D. Wash. 2019). Dkt. No. 5 at 4–9. But Ramirez Martinez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). As this Court explained in *Barrios Arroyo v. ICE Field Office Director*, Case No. 2:26-cv-994-JNW, Dkt. No. 11 (W.D. Wash. May 19, 2026), Section 1225 governs the processing of noncitizens at the border and subjects those "seeking admission" to mandatory detention. Applying the Court's reasoning here it is clear that, because Ramirez Martinez was present in the United States, not seeking admission, 8 U.S.C. § 1225(b)(2) does not apply. Instead, DHS charged Ramirez Martinez under 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled," Dkt. No. 7-2 at 2.

## 2.2   The Court waives the prudential exhaustion requirement.

Respondents argue the Court should require Ramirez Martinez to exhaust his administrative remedies before the Board of Immigration Appeals. Dkt. No. 5 at 10. In immigration habeas cases, administrative exhaustion is prudential, not jurisdictional. *See W.T.M. v. Bondi,* No. 25-cv-2428, 2026 WL 262583, at *2 (W.D. Wash. Jan. 30, 2026) (citing *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017)). Prudential exhaustion is favored when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Even when the *Puga* factors are met, the

ORDER GRANTING AMENDED PETITION FOR HABEAS CORPUS - 4

Court may waive prudential exhaustion if: (i) the administrative remedies are "inadequate or not efficacious," (ii) "pursuit of administrative remedies would be a futile gesture," (iii) "irreparable injury" might result, or (iv) "the administrative proceedings would be void." *See Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000–01 (9th Cir. 2004)).

The *Puga* factors do not require exhaustion here. As to the first factor, Ramirez Martinez raises a constitutional challenge to the adequacy of his bond hearing, a claim well suited for federal court review. *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). Respondents argue that agency consideration is necessary because the BIA has special expertise. Dkt. No. 5 at 10. That may be true, but whether, as a matter of law, the facts can sustain a finding of flight risk or danger requires no agency expertise.

As to the second factor, this case raises a discrete legal question whose resolution will provide concrete guidance to the immigration court: whether the fact that a petitioner has no lawful status can itself support a flight risk finding in the face of overwhelming contrary equities. Such guidance may reduce the need for future habeas petitions. *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1251 (W.D. Wash. 2025) (finding exhaustion unnecessary where the petition "seeks resolution of a legal question that will provide concrete guidance for future administrative proceedings.").

As to the third factor, Respondents argue that the BIA can review evidentiary findings without the need for judicial review. When the issue is whether procedural due process was violated, the Court finds no reason to delay review in favor of

allowing the BIA to possibly correct an error. *See Soriano v. Hernandez,* No. 2:26-cv 00900-DGE, 2026 WL 969764, at * 4 (W.D. Wash. Apr. 10, 2026).

Even if the *Puga* factors required exhaustion, the Court would waive the requirement because irreparable injury would result. Government data reflects an average processing time of 204 days for BIA bond appeals. *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1307 (W.D. Wash. 2025). Ramirez Martinez has been detained since December 2025. He has a minor U.S. citizen son with significant medical needs who depends on his care. Dkt. No. 10 ¶¶ 4, 5, 10. Requiring him to wait six months or more for BIA review would inflict the kind of harm that the bond hearing was designed to prevent—that is, prolonged detention without meaningful process. *See W.T.M.*, 2026 WL 262583, at *3; *Vasquez Lopez v. Hernandez*, No. C26-0775 TSZ, 2026 WL 984151, at *2 (W.D. Wash. Apr. 13, 2026); *Escalante Perez v. Hernandez*, C26-0956 TSZ, 2026 WL 1004559, at *2 (W.D. Wash. Apr. 14, 2026). Accordingly, the Court waives any exhaustion requirement.

**2.3     The IJ's bond denial was an abuse of discretion.**

Habeas courts review an IJ's bond determinations for abuse of discretion. *Martinez v. Clark*, 124 F.4th 775, 784–785 (9th Cir. 2024). The Court may determine whether the IJ applied the correct legal standard; it may not reweigh the evidence. *Id.* at 785 (citing *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2017)); *Garcia Ortiz v. Henkey*, No. 1:26-cv 00043-BLW, 2026 WL 948275, at *4 (D. Idaho Apr. 7, 2026) (in reviewing discretionary bond determinations, federal district courts are "not required to countenance a sham").

In making bond determinations, IJs consider the *Guerra* factors: (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States. *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). Numerous courts in this Circuit have found due process violations where IJs abuse their discretion in bond determinations.[2]

Here, many of the *Guerra* factors strongly favor Ramirez Martinez. He has 22 years of continuous, stable residency in the United States, a fixed address in California, car payments, strong community ties, a wife and two U.S. citizen children—including a minor son with significant medical needs. There is no evidence that Ramirez Martinez has a negative record of appearance in court or

---

[2] *See e.g.*, *W.T.M. v. Bondi*, No. 2:25-cv-02428-RAJ-BAT, 2026 WL 262583, at *3–4 (W.D. Wash. Jan. 30, 2026); *Soriano v. Hernandez*, 2026 WL 969764, at *4–6 (W.D. Wash. Apr. 10, 2026); *Zambrano-Vazquez v. Noem*, No. 26-cv-122-RSM, 2026 WL 657129, at *4 (W.D. Wash. Mar. 9, 2026); *Velasquez v. Bondi*, No. 26-cv-01759-GPC DDL, 2026 WL 1042479, at *6–7 (S.D. Cal. Apr. 16, 2026); *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1004–05 (N.D. Cal. 2018); *Garcia v. Hyde*, 2025 WL 3466312, at *7–11 (D.R.I. Dec. 3, 2025).

ORDER GRANTING AMENDED PETITION FOR HABEAS CORPUS - 7

that he has attempted to flee prosecution or escape authorities. Ramirez Martinez has no criminal history of any kind.

The Court recounts these mitigating facts within the record but does not reweigh the parties' competing evidence about Ramirez Martinez's ties, family, or character, and it need not do so to resolve the petition.

The IJ denied bond, concluding that he poses a flight risk based on his lack of relief, even though the IJ also stated "[b]ased on the record the court does not find [Ramirez Martinez] is a flight risk. The IJ's flight risk finding cannot be sustained on this record and is internally inconsistent. The IJ does not explain how Ramirez Martinez's lack of available relief equates to being an automatic flight risk. Most individuals entitled to bond hearings under § 1226(a) lack lawful status, underscoring that this is not a valid basis for denying bond.

The IJ's bond denial does not rationally apply the governing legal standard and the facts and evidence here. The IJ's cited reasons for denying bond conflict with the record and do not stand on their own as a basis to deny bond. *See Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (finding that the BIA abuses its discretion "when it fails to 'consider and address in its entirety the evidence submitted by petitioner'"). Simply acknowledging contrary evidence is not enough; the IJ must meaningfully engage with it. *See, e.g., Miri v. Bondi*, No. 5:26 cv-00698-MEMF-MAR, 2026 WL 622302, at *8–9 (C.D. Cal. Mar. 5, 2026) (finding an abuse of discretion where an immigration judge did not explain the reasons for denying bond); *Soto Gimenez v. Hernandez, et al.,* No. 2:26-cv-00966-GJL, 2026 WL 1156075, at * 8 (W.D. Wash. Apr. 29, 2026) (failure to engage with evidence and absence of

ORDER GRANTING AMENDED PETITION FOR HABEAS CORPUS - 8

articulated reasoning constitutes an abuse of discretion); *Garcia v. Hyde*, No. 25-cv-585-JJM-PAS, 2025 WL 3466312, at * 10 (D.R.I. Dec. 3, 2025) (abuse of discretion to disregard contrary evidence submitted by petitioner that his arrest warrant was inactive). No reasonable adjudicator could conclude on this record that Ramirez Martinez poses a flight risk or a danger to the community. The IJ's decision was an abuse of discretion, and Ramirez Martinez's continued detention violates due process.

**2.4    The Court does not reach Ramirez Martinez's remaining theories.**

Ramirez Martinez also argues that his detention has become unreasonably prolonged and that conditions at the Northwest ICE Processing Center—specifically, its asserted inability to treat his medical condition violate due process. The Court reaches neither theory. The prolonged-detention framework of *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019), addresses mandatory detention imposed without any bond hearing. Ramirez Martinez received a bond hearing, and the Court grants relief on the adequacy of that hearing. His claim regarding medical care challenges the conditions of his confinement rather than the legal basis for his detention and is denied without prejudice to raising it later in an appropriate proceeding.

**2.5    The appropriate remedy is immediate release.**

Having found that the IJ's decision to deny bond was an abuse of discretion, the Court must determine the appropriate remedy. "Federal courts have a fair amount of flexibility" in fashioning habeas relief. *Burnett v. Lampert*, 432 F.3d 996,

999 (9th Cir. 2005). Where, as here, a noncitizen detained under § 1226(a) is found not to be a flight risk or danger to the community, there is no lawful basis for continued detention. *See Vasquez Lopez*, 2026 WL 984151, at *4 (ordering immediate release where continued custody did not serve an immigration purpose after IJ abused their discretion in finding that petitioner posed a flight risk and danger to the community); *W.T.M.*, 2026 WL 262583, at *5 (ordering immediate release due to process violations in bond hearing); *Soriano*, 2026 WL 969764, at *6 (finding same). Accordingly, the Court orders Ramirez Martinez's immediate release.

### 3.  CONCLUSION

Accordingly, the Court ORDERS the following:

1. The Petition for a Writ of Habeas Corpus is GRANTED. Dkt. No. 1.

2. Respondents must release Petitioner from custody within TWENTY-FOUR (24) hours of this Order.

3. Respondents must file a status report within FORTY-EIGHT (48) hours of this Order, confirming that Petitioner has been released from custody.

4. Petitioner may not be re-detained without at least SEVEN (7) days' advance written notice and a pre-deprivation hearing before a neutral decisionmaker, unless probable cause exists for believing Petitioner has committed or is attempting to commit a criminal offense.

ORDER GRANTING AMENDED PETITION FOR HABEAS CORPUS - 10

Dated this 6th day of July, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING AMENDED PETITION FOR HABEAS CORPUS - 11